[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Earl Johnson appeals from the judgment entered by the trial court, following a jury trial, convicting him of felonious assault, with the accompanying specification alleging a drive-by shooting, and of having a weapon under a disability, with an accompanying firearm specification. By a stipulation read to the jury, Johnson admitted to a prior 1990 conviction for felonious assault and an eight-year prison term. After the jury's verdict, the trial court sentenced him to a sixteen-year prison term: eight years for felonious assault, to be served after the eight years for the consecutive firearm specifications, and five years for the disability charge to be served concurrently with the other terms of imprisonment.
 {¶ 3} On February 22, 2002, Johnson visited the Phoenix Café, a saloon located in downtown Cincinnati. He drank and bet on the contestants in an "open mike" rap talent show. When he became agitated and disruptive, the manager instructed the bouncer, who had known Johnson for fifteen years, to remove him from the café. Shouting threats of revenge, Johnson was forcefully ejected. Shortly afterwards, Johnson drove past the Phoenix and fired several shots into the café.
 {¶ 4} In his first assignment of error, Johnson contends that the trial court erred by imposing consecutive terms of actual incarceration for the three-year and five-year firearm specifications, as they were committed as part of the same act or transaction. See R.C.2929.14(D)(1)(b); see, also, State v. Hill, 1st Dist. No. C-020137, 2002-Ohio-7079, at ¶ 4-7. He claims the three-year firearm specification should have been merged into the five-year specification.
 {¶ 5} The assignment of error is overruled, as the three-year firearm specification, imposed pursuant to R.C. 2929.14(D)(1)(a)(ii), was statutorily required by R.C. 2929.14(E)(1)(a) to be consecutive to the five-year term for the drive-by-shooting specification, imposed pursuant to R.C. 2929.14(D)(1)(c), as well as consecutive to the sentence imposed for the underlying felony convictions. See, also, State v. Langford, 8th Dist. No. CR-411588, 2003-Ohio-159, at ¶ 62.
 {¶ 6} In his second assignment of error, Johnson contends that the trial court erred in failing to give the jury a cautionary instruction following the assistant prosecutor's comment on Johnson's credibility in closing argument. See Crim.R. 30(B); see, e.g., State v. Flonnory
(1972), 31 Ohio St.2d 124, 129, 285 N.E.2d 726. In response to Johnson's use of prior criminal convictions to the credibility of a state's witness, the prosecutor noted that "if you're going to consider felony convictions to measure credibility, we shouldn't throw stones if we live in glass houses." Johnson objected and requested a cautionary instruction. The trial court sustained the objection, instructed the prosecutor to stay away from the subject, but refused to give a cautionary instruction. In light of the stipulation to Johnson's prior felony conviction, his questioning of the prospective jurors in voir dire about whether they could fairly decide the case after learning of his conviction, and the trial court's sustaining of the objection and admonition to the prosecutor, we hold that Johnson cannot demonstrate prejudice arising from the comment. See State v. Fears, 86 Ohio St.3d 329,335, 1999-Ohio-111, 715 N.E.2d 136. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.